IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL SHOLTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:19-cv-01170-JES-JEH |
| | ) |
| CAVALRY PORTFOLIO SERVICES, LLC and | ) |
| CAVALRY SPV I, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Cavalry SPV I, LLC ("SPV") and Cavalry Portfolio Services, LLC ("CPS") (collectively, "Cavalry" or "Defendants"), by counsel, move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     INTRODUCTION**

This case hinges on the language of a single letter. Based on nothing more than a fanciful misreading of that letter, Plaintiff alleges that Cavalry "confusingly" suggested that a lawsuit had been filed and "misleadingly" failed to advise him of the right to "dispute [the] allegations" in a "possible lawsuit," in violation of the Fair Debt Collection Practices Act ("FDCPA"). In reality, the letter explicitly stated—four times—that no lawsuit had been filed, and that Plaintiff "will have the opportunity to defend [himself] after the lawsuit is filed." Applying the Seventh Circuit's "unsophisticated consumer" standard, Plaintiff's claims are based on nothing more than "unrealistic, peculiar, bizarre, and idiosyncratic" interpretations of the letter. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005). Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff admits that he defaulted on a "line of credit" and that Cavalry is entitled to file a lawsuit against him seeking a judgment for the amount owed. (Compl. ¶¶ 6, 12-14.) Despite admitting liability on the debt, Plaintiff claims that CPS's letter dated April 29, 2019 ("Letter"), violated the FDCPA because it purportedly suggested that a lawsuit had been filed and this lawsuit was "one-sided in favor of Defendants." (*Id*. at ¶¶ 15-20, 29-33.) But these claims misrepresent the actual contents of the Letter. (Exhibit 1, Letter.)[1]

Plaintiff first alleges that he was "unfairly harassed and confused" by the Letter because it stated that "legal proceedings [were] initiated against Plaintiff with regard to the subject debt at the time of the correspondence was sent." (Compl. ¶ 31.) Yet Plaintiff elsewhere admits that the Letter only referenced "*potential* litigation" and a "*possible* lawsuit." (*Id*. at ¶¶ 16, 18-19, 31, 33) (emphasis added). And, in reality, the Letter states that, "as of the date of this letter, no attorney has reviewed the particular circumstances of your account to determine whether a lawsuit *should be filed against you*," "an attorney … will make the final decision as to whether a lawsuit *should be filed*," and "*if a lawsuit is filed*, the law firm will ask the court to enter a judgment against you." (Exhibit 1) (emphasis added.)

---

[1] Although Plaintiff's claims rest entirely on the Letter, he did not attach it to his Complaint. It is attached to this Motion as Exhibit 1. "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim" and "may be considered by a district court in ruling on the motion to dismiss." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Moreover, the Court "is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." *Id*.

Plaintiff also contends that the Letter "obfuscated" his "rights and options" to "avoid a judgment" and portrayed "a possible lawsuit against Plaintiff as one-sided in favor of Defendants … because it fails to account for Plaintiff's options to dispute Defendants' allegations." (Compl. ¶¶ 19, 31.) In reality, the Letter includes this *exact* language and states, "You will have the opportunity to defend yourself after the lawsuit is filed." On these allegations, Plaintiff asserts claims under FDCPA Sections 1692e and 1692f.

### III.   ARGUMENT

"It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a plaintiff must do more than set forth "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. And "when an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

In the Seventh Circuit, claims that a collection letter violated the FDCPA are evaluated through the lens of an "unsophisticated consumer" who "isn't a dimwit." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). The unsophisticated consumer "may be uninformed, naïve, and trusting, but she has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and

inferences." *Id*. This is an objective standard and courts must "disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin*, 406 F.3d at 415. Put differently, the FDCPA "is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000). Plaintiff has sued under two separate provisions of the FDCPA—sections 1692e and 1692f—neither of which state a claim.

### A. Plaintiff's Section 1692e Claims Fail as a Matter of Law

Section 1692e generally prohibits debt collectors from using "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That section also provides a list of prohibited conduct, which includes "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Plaintiff's allegations that the Letter violated Section 1692e are based on an irrational and bizarre misreading of the Letter.

#### 1. The Letter repeatedly stated that no lawsuit had been filed at the time it was sent.

Nothing in the Letter suggests that a lawsuit was "initiated against Plaintiff with regard to the subject debt at the time the correspondence was sent." (Compl. ¶ 31.) Even Plaintiff admits the Letter merely referenced "*potential* litigation" and a "*possible* lawsuit." (*Id*. at ¶¶ 16, 18-19, 31, 33) (emphasis added.) In fact, the Letter states *four times* that no lawsuit had been filed but may be filed in the future:

- "As of the date of this letter, no attorney has reviewed the particular circumstances of your account to determine whether a lawsuit *should be filed* against you";

4

- "If your account is placed with a collection law firm, an attorney will review your account and make the final decision as to whether a lawsuit *should be filed*";

- "*If a lawsuit is filed*, the law firm will ask the court to enter a judgment against you for the full amount you owe";

- "You will have the opportunity to defend yourself *after the lawsuit is filed*."

(Exhibit 1) (emphasis added). The Seventh Circuit has held that a plaintiff fails to state a claim under the FDCPA "and dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012); *Durkin*, 406 F.3d at 415 ("a mere claim of confusion is not enough: a plaintiff must show that the challenged 'language of the letters unacceptably increases the level of confusion'"); *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004) (if "the interpretation attested to by plaintiff is 'fantastic conjecture'—the court should reject it without requiring evidence beyond the letter itself"). Here, Plaintiff's claim that he was "confused" about whether a lawsuit was pending—when the Letter repeatedly says the exact opposite —is irrational and should be dismissed with prejudice.

    **2.    The Letter advised Plaintiff that he can present any defense he may have in a potential lawsuit and characterized the entry of a judgment as conditional.**

Equally bizarre is Plaintiff's claim that the Letter "obfuscated the rights and options [he] would have in order to avoid a judgment" and "misleadingly" portrays a lawsuit as "one-sided in favor of Defendants … because it fails to account for Plaintiff's options to dispute Defendants' allegations." (Compl. ¶¶ 19, 31, 33.) Again, this grossly misrepresents the actual words on the page:

5

> If a lawsuit is filed, the law firm will ask the court to enter a judgment against you for the full amount that you owe. *You will have the opportunity to defend yourself after the lawsuit is filed*. If a judgment is entered, the law firm will be authorized to take further action to satisfy the balance owed on the judgment.

(Exhibit 1) (emphasis added). Hence, the Letter clearly advised Plaintiff of his "rights and options" to "dispute Defendants' allegations" by "defend[ing] [himself] after the lawsuit is filed." (Compl. ¶ 31; Exhibit 1.)

Additionally, no rational interpretation of the Letter suggests that a lawsuit will be "one-sided" or that a judgment against Plaintiff is a foregone conclusion.[2] The portion of the Letter quoted above clearly characterizes the entry of a judgment as conditional on Cavalry's success in a potential lawsuit. For example, in *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1026 (9th Cir. 2012), the plaintiff alleged that a collection letter characterized a judgment as "inevitable" by stating, "[w]e intend to commence legal action against you ... which *could* result in a judgment against you." Applying the unsophisticated consumer standard, the Ninth Circuit disagreed and found this statement did not violate the FDCPA. *Id*. The court distinguished letters stating, "after judgment is obtained" or that a lawsuit "will result in a judgment against you," and held "the conditional language in this instance is appropriate, accurate, and not misleading." *Id*. at 1027-28. Conversely, in *Dutton v. Wolhar*, 809 F. Supp. 1130, 1141 (D. Del. 1992), the court found that a letter implied a "judgment would inevitably be obtained" by using the phrase "once a judgment is obtained" but would not have if it instead used the phrase "'if judgment is obtained'"—i.e., the exact

---

[2] Given Plaintiff's admissions that he opened the account "several months ago," failed to make the required payments, and that Cavalry is entitled to the full amount due, it is not clear what—if any—defenses he would have against entry of a judgment. (Compl. ¶¶ 12-14.)

phrase used in the Letter. (Exhibit 1.) Hence, the Letter did nothing more than make an accurate statement about the *possible* outcome of litigation due to Plaintiff's admitted failure to pay his debt: Defendants will file a lawsuit *asking* the court to enter a judgment, Plaintiff can present any defenses he may have to ward off that judgment, but "*if* a judgment is entered" Defendants will take action to recover the amount owed. *See Zemeckis*, 679 F.3d at 636–37 (finding a letter did not violate the FDCPA because it "warns only that [the creditor] had the right to pursue legal action ... the letter alerted [plaintiff] only to the possible repercussions she faced for failing to pay").

Finally, there is no authority for Plaintiff's suggestion that the FDCPA requires debt collectors to advise consumers concerning the "legal process" or their "rights and options ... to avoid a judgment." (Compl. ¶¶ 31, 33.) Indeed, the Seventh Circuit has fashioned a "safe harbor" for collection letters threatening litigation that does not contain *any* references to a consumer's "rights and options" in a lawsuit or a tutorial on the "legal process": "If you want to resolve this matter without a lawsuit, you must [pay the creditor or contact them to arrange payment]. If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt." *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997).

In fact, Plaintiff's suggestion that the FDCPA obligated Cavalry to advise him of various "rights and options" during a lawsuit "to avoid a judgment" is so absurd that it would require Cavalry to engage in the unlicensed practice of law. *See* 705 ILCS 220/1 ("It shall be unlawful for a corporation to practice law"); *People ex rel. Illinois State Bar Ass'n v. Schafer*, 404 Ill. 45, 50, 87 N.E.2d 773, 776 (Ill. 1949) ("practice of law involves not only appearance in court ... it includes the giving of advice or the rendering of any services requiring the use of legal skill or knowledge"). Even if an attorney provided this advice in a

7

collection letter, it would likely violate the professional ethics rules. *See* Texas Comm. on Prof'l Ethics, Op. 380 (1975), *available at* https://www.legalethicstexas.com/Ethics-Resources/Opinions/Opinion-380 (finding a collection letter detailing the litigation process is unethical and "the letter should not undertake to advise him as to the law or his status as a litigant"). Thus, Plaintiff's claims under Section 1692e are unsupported by fact or law and should be dismissed with prejudice.

### B.   Plaintiff's Section 1692f Claim Fails as a Matter of Law.

Section 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff alleges that the Letter "unfairly" "oversimplif[ied] the legal process by portraying a possible lawsuit against Plaintiff to be in favor of Defendants." (Compl. ¶ 33.) This is based on the same misrepresentations underpinning Plaintiff's Section 1692e claims and ignores that the Letter states he "will have the opportunity to defend [himself] after the lawsuit is filed" and referred to a judgment against him as a *possible* outcome of litigation, not an inevitability. (Exhibit 1); *Bogie*, 705 F.3d at 609 (exhibits contradicting plaintiff's allegations control for purposes of a motion to dismiss). Hence, Plaintiff's Section 1692f claim fails for the same reasons as his Section 1692e claims. (*Supra* Part III.A.2.)

Additionally, Section 1692f is "intended to be a catchall provision that broadly prohibits unfair and unconscionable conduct, where the conduct is similar to that prohibited by the FDCPA but *not covered* by any other section therein." *Ali v. Portfolio Recovery Assocs., LLC*, No. 15-cv-06178, 2018 WL 4760284, at *10 (N.D. Ill. Sept. 30, 2018) (emphasis added). Thus, a "Plaintiff who uses the same factual allegations underlying another § 1692 claim for his § 1692f claim … fails to state an

independent basis on which relief can be granted" and "the § 1692f claim must be dismissed." *Hayes v. Receivables Performance Mgmt., LLC*, No. 17-cv-1239, 2018 WL 4616309, at *6 (N.D. Ill. Sept. 26, 2018); *Heffron v. Green Tree Servicing, LLC*, No. 15-cv-0996, 2016 WL 47915, at *5 (N.D. Ill. Jan. 5, 2016) (finding a Section 1692f claim was "predicated on the same factual allegations as [plaintiff's] section 1692e claim" and therefore "fail[ed] to state an independent basis on which relief can be granted"). Since Plaintiff's Section 1692f claim is based on the same allegations as his Section 1692e claims, it fails as a matter of law and should be dismissed with prejudice.

IV. **CONCLUSION**

This lawsuit epitomizes the Seventh Circuit's observation that every letter "is susceptible of an ingenious misreading" but the FDCPA only protects the unsophisticated consumer, "not the irrational one." *White*, 200 F.3d at 1020. Here, there is no basis in fact, law, or logic for Plaintiff's allegation that the Letter "misleadingly" suggested a lawsuit had been filed at the time it was sent. The Letter states the exact opposite *four times* and even Plaintiff concedes it merely referenced a "potential" or "possible" lawsuit. Equally irrational is Plaintiff's allegation that the Letter "obfuscated" his "rights and options" to avoid a judgment and portrayed "a possible lawsuit against Plaintiff as one-sided in favor of Defendants … because it fails to account for Plaintiff's options to dispute Defendants' allegations." The Letter explicitly states that he "will have the opportunity to defend [himself] after the lawsuit is filed." Thus, Plaintiff's allegations are premised on nothing more than a bizarre misreading of the Letter and should be dismissed with prejudice.

Respectfully submitted,

CAVALRY SPV I, LLC and
CAVALRY PORTFOLIO SERVICES, LLC,

By:   /s/ James J. Morrissey

Anna-Katrina S. Christakis
James J. Morrissey
Pilgrim Christakis LLP
321 N. Clark Street, 26th Floor
Chicago, Illinois 60654
Ph: (312) 280-0441
Fax: (312) 939-0983
kchristakis@pilgrimchristakis.com
jmorrissey@pilgrimchristakis.com

**CERTIFICATE OF SERVICE**

James J. Morrissey, an attorney, certifies that on July 26, 2019, he electronically filed the foregoing **Defendants' Motion to Dismiss Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system, which will send a notification to all attorneys of record.

/s/ James J. Morrissey