UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL SHOLTY,                            )
                                           )
          Plaintiff,                     )
                                           )
v.                                         )    Case No. 19-cv-1170-JES-JEH
                                           )
CAVALRY PORTFOLIO SERVICES, LLC            )
and CAVALRY SPV I, LLC,                    )
                                           )
          Defendants.                    )

## ORDER AND OPINION

Now before the Court is Defendants' Motion (Doc. 10) to Dismiss, to which Plaintiff has filed a Response (Doc. 12). For the reasons set forth below, Defendants' Motion (Doc. 10) is GRANTED and this action is DISMISSED WITH PREJUDICE.

### BACKGROUND

On April 23, 2019, Defendants, Cavalry Portfolio Services, LLC, and Cavalry SPV I, LLC, (collectively, "Cavalry"), sent the following dunning letter ("the Letter") to Plaintiff Michael Sholty:

> Dear Michael Sholty:
>
> As of the date of this letter, your account meets Cavalry's guidelines for placement with one of Cavalry's collection law firms practicing in your state.
>
> Please contact a Cavalry representative at (866) 434-2995 to discuss your payment options. Cavalry is committed to working with you to come up with a payment arrangement to resolve your account.
>
> As of the date of this letter, no attorney has reviewed the particular circumstances of your account to determine whether a lawsuit should be filed against you. If your account is placed with a collection law firm, an attorney will review your account and make the final decision as to whether a lawsuit should be filed.
>
> If a lawsuit is filed, the law firm will ask the court to enter a judgment against you for the full amount that you owe. You will have the opportunity to defend yourself

> after the lawsuit is filed. If a judgment is entered, the law firm will be authorized to take further action to satisfy the balance owed on the judgment.
>
> You may contact us at (866) 434-2995.
>
> Sincerely,
>
> Customer Relations Department
> Cavalry Portfolio Services, LLC
>
> \*\*\*
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.

Doc. 10-1, at 2. A month after receiving the Letter, Plaintiff filed this civil action. In his Complaint, Plaintiff alleges he obtained a line of credit through Citibank to finance the purchase of personal and household goods or services, and subsequently fell behind on his scheduled payments. Doc. 1, at 3. Cavalry later purchased the subject debt from Citibank. Plaintiff alleges Defendants' Letter "contained threats of potential litigation against Plaintiff by warning Plaintiff that his account purportedly meets Defendants' criteria to place it with a collection law firm." *Id*. Although the Letter stated that an attorney had not yet reviewed the account, "Defendants' letter continues to further invoke a potential lawsuit and judgment against Plaintiff." *Id*. Further, "[t]hrough its phrasing and structure, Defendants' letter misleadingly suggests that a potential collection lawsuit against Plaintiff would be one-sided in favor of Defendants." *Id*.

The singular count in Plaintiff's Complaint alleges Defendants violated the Fair Debt Collection Practices Act (FDCPA"), 15 U.S.C. § 1692 *et seq*. *Id*. at 3–4. Specifically, Plaintiff alleges Defendants violated § 1692e, § 1692e(10), and § 1692f. Section 1692e of the FDCPA provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

2

> application of the foregoing, the following conduct is a violation of this section . . . .
>
> ***
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Similarly, § 1692f provides, in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

Plaintiff alleges in his Complaint that Defendants violated § 1692e, and specifically § 1692e(10), when

> they misleadingly portrayed a potential collection lawsuit to be completely in favor of Defendants. Plaintiff was unfairly harassed and confused by Defendants' representations, as there were no legal proceedings initiated against Plaintiff with regard to the subject debt at the time the correspondence was sent. Defendants' correspondence purposefully obfuscated the rights and options Plaintiff would have in order to avoid a judgment, which was highly confusing to Plaintiff. Moreover, Defendants' portrayal of a possible lawsuit against Plaintiff as one-sided in favor of Defendants is misleading to a consumer, because it fails to account for Plaintiff's options to dispute Defendants' allegations.

Doc. 1, at 5. Further, Plaintiff alleges Defendants violated § 1692f's prohibition on unfair or unconscionable means to collect a debt because "it was unfair for Defendants to grossly oversimplify the legal process by portraying a possible lawsuit against Plaintiff to be in favor of Defendants, even citing a possible judgment against Plaintiff." *Id*. Plaintiff alleges that he suffered emotional and other damages, and asks for the Court to enter judgment in his favor for statutory damages, actual damages, and attorney fees and costs. *Id*. at 5–6.

Defendants now move to dismiss Plaintiff's Complaint, arguing Plaintiff has failed to state a claim under either § 1692e or § 1692f because the Letter was not confusing or misleading as a matter of law. *See generally* Doc. 10. In support of their Motion, Defendants attached the Letter as an exhibit. *See* Doc. 10-1. Plaintiff responded to the Motion, arguing an unsophisticated

3

consumer would be confused or misled by Defendants' references to a potential lawsuit because Defendants purportedly portrayed the lawsuit as being "one-sided" and "grossly oversimplified" the legal process. Doc. 12, at 2. This Order follows.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). However, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim[,]" and may therefore be considered by a district court when ruling on a motion to dismiss. *Wright v. Assoc. Ins. Cos. Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994). Moreover, "[t]he court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the

material." *Rosenblum*, 299 F.3d at 661 (quoting 5 Wright & Miller, *Federal Practice & Procedure: Civil 2d*, § 1327 at 766 (1990)).

## DISCUSSION

### (1) Plaintiff's § 1692e Claims

Defendants first argue in their Motion that Plaintiff's § 1692e claims fail as a matter of law because the Letter did not include any false, deceptive, or misleading representations. Doc. 10, at 4. In his Response, Plaintiff argues "[t]he most problematic portion of Defendants' Collection Letter is the portion which reads, 'if a lawsuit is filed, the law firm will ask the court to enter judgment against you for the full amount that you owe.' " Doc. 12, at 7. Although Plaintiff admits the above statement is "technically true," he insists "the language and structure of Defendants' Collection Letter does not clarify the distinction between asking a court for entry of judgment and the subsequent entry of judgment by such court[.]" *Id*. at 8. Because unsophisticated consumers would not be able to readily distinguish between a request for judgment and the actual entry of such judgment, the Letter suggests to consumers "that, if a lawsuit is filed, judgment will be entered against them for the full amount owed [] as a result of Defendants' request for such judgment." *Id*.

"Whether a representation in a dunning letter is misleading is assessed from the 'unsophisticated consumer' standpoint, i.e., 'whether a person of modest education and limited commercial savvy would be likely to be deceived.' " *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (quoting *Olson v. Risk Management Alternatives, Inc.*, 366 F.3d 509, 512–13 (7th Cir. 2004)). While the confusing nature of a dunning letter is usually a question of fact, "a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the

5

population would be misled by it.' " *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (quoting *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)). In other words, if the plaintiff's interpretation of the letter is a "fantastic conjecture," the court "should reject it without requiring evidence beyond the letter itself." *Taylor*, 365 F.3d at 574–75.

Here, Plaintiff's argument borders on absurdity. Of course Defendants would ask a court to enter judgment against Sholty if they sued him—in fact, at least under the Federal Rules of Civil Procedure, they would be *required* to do so. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. And a complaint must contain "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(3). A complaint without a prayer for relief is nothing more than a essay.

Plaintiff's assertion that "unsophisticated consumers would not be able to readily distinguish between a request for judgment and the actual entry of such judgment" fares no better. Doc. 12, at 8. Although Defendants do not make the following argument in their Motion, the Court will take judicial notice of the summons form prepared by the Administrative Office of the United States Courts for use in all civil actions filed in federal court. *See Summons in a Civil Action*, AO 440 (Rev. 06/12), available at https://www.uscourts.gov/sites/default/files/ao440.pdf. Similar to the Letter at issue here, the summons form states that "[i]f you fail to respond [to the complaint], <u>judgment by default will be entered against you</u> for the relief demanded in the complaint." *Id*. (emphasis added). In fact, if Plaintiff's position were correct, the Court's summons form would be even more deceptive or misleading than Cavalry's letter, since it states that "judgment … *will* be entered," rather than Cavalry's more equivocal assertions that "the law firm will ask the court to enter a judgment against you for the full amount that you owe" and

6

"[i]f a judgment is entered …." Doc. 10-1, at 2. The Court declines to hold debt collectors to a higher standard than the federal judiciary.

Turning to Defendants' Motion, Cavalry argues Plaintiff's claim that he was confused about whether a lawsuit was pending is irrational. Doc. 10, at 5. In his Response, Plaintiff disclaims any intent to argue he was confused about whether a lawsuit had been filed against him, and asserts that Defendants have misrepresented his claims. Doc. 12, at 2; *but see* Doc. 1, at 5 ("Plaintiff was unfairly harassed and confused by Defendants' representations, as there were no legal proceedings initiated against Plaintiff with regard to the subject debt at the time the correspondence was sent."). Thus, although the Complaint does appear to include this claim, the Court need not address it given Plaintiff's representation in his Response that this claim is not at issue. Doc. 12, at 2.

Next, Defendants take issue with Plaintiff's claim that the Letter obfuscated the rights and options he would have to avoid a judgment and misled him by portraying a lawsuit as one-sided. Doc. 10, at 5–6. Defendants argue the Letter clearly advised Plaintiff of his rights and options to dispute the debt by defending himself after the lawsuit is filed. *Id*. at 6. Moreover, given Plaintiff's admission in his Complaint that he failed to make timely payments on the account, Defendants question what defenses, if any, he would have in a collection suit. Plaintiff responds by arguing that "unsophisticated consumers would not necessarily understand the procedural posture of litigation and the various stages litigation goes through prior to the ultimate award of a judgment" and "Defendants' non-conditional reference to judgment that *will* be asked for suggests to consumers the inevitability with which such judgment would be entered, which

7

renders its Collection Letter deceptive and misleading."[1] Doc. 12, at 9. Plaintiff proposed the following language, which he believes would "clear up" the confusion: "if a lawsuit is filed, the law firm will ask the court to enter a judgment against you for the full amount that you owe, which may result in a judgment being entered against you." *Id*. at 10. Yet, unlike Defendants' Letter, Plaintiff's own proposed language could suggest to unsophisticated consumers that a judgment will inevitably follow on the heels of a request for one—it explicitly ties the request for judgment with the entry of judgment, with no reference to the ability to defend oneself in between. Plaintiff's proposed changed creates confusion rather than clarity.

The Court has reviewed the Letter carefully. Anyone who reads the Letter—whether an unsophisticated consumer or otherwise—would understand the Letter as stating: (1) we may refer your account to a law firm; (2) if we do, an attorney will review your account and decide whether to sue you; (3) if we sue you, we will ask for a judgment in the amount you owe us; (4) you will be able to defend yourself in the lawsuit; and (5) if we win a judgment against you, we will try to collect on it. Simply put, Plaintiff's arguments are meritless, and the Letter is not confusing or misleading to unsophisticated consumers as a matter of law. *Taylor*, 365 F.3d at 574–75. Defendants' Motion to Dismiss is therefore granted with respect to the § 1692e claims.

**(2) Plaintiff's § 1692f Claim**

Next, Defendants argue that Plaintiff's § 1692f claim should be dismissed for the same reasons that the § 1692e claims should be dismissed. Doc. 10, at 8. Plaintiff's § 1692f claim is predicated on the same purportedly confusing, misleading, or deceptive nature of the Letter. Because the Letter at issue was not confusing, misleading, or deceptive, Plaintiff fails to state a

---

[1] Again, Plaintiff's assertion that Defendants should have made the request for judgment conditional ("we may ask for judgment") is nonsensical. When would a plaintiff ever file a lawsuit without asking for the court to grant some form of relief? *See Discussion, supra*, at 6.

claim that Defendants used any unfair or unconscionable means to collect or attempt to collect a debt. Accordingly, Defendants' Motion to Dismiss is granted in its entirety. Because it does not appear Plaintiff could cure the deficiencies identified above by amending his complaint, the Court declines to allow him leave to do so. This dismissal is therefore with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion (Doc. 10) to Dismiss is GRANTED, and this action is DISMISSED WITH PREJUDICE.

The Clerk is directed to close the case.

Signed on this 13th day of September, 2019.

                                                                           s/ James E. Shadid  
                                                                          James E. Shadid  
                                                                          United States District Judge